RECORD NOS. 21-1396(L), 21-1397

In The
# United States Court of Appeals
For The Fourth Circuit

**CHARLES WILLIS SHORT, individually and as
Administrator of the Estate of Victoria Christine Short,**

*Plaintiff – Appellant,*

v.

**J. D. HARTMAN, Sheriff of Davie County, in his individual and official
capacity; CAMERON SLOAN, Captain, Chief Jailer with the Davie
County Sheriff's Department, in his individual and official capacity;
DANA KELLY RECKTENWALD, Lieutenant, Operations Supervisor
of the Detention Center with the Davie County Sheriff's Department,
in her individual and official capacity; TERESA MORGAN, a/k/a
Teresa M. Godbey, Sergeant, Jailer-Detention Officer with the Davie
County Sheriff's Department, in her individual and official capacity;
CRYSTAL COOK MEADOWS, Sergeant, Detention Officer with the
Davie County Sheriff's Department, in her individual and official
capacity; MATTHEW TRAVIS BOGER, Jailer-Detention Officer with
the Davie County Sheriff's Department, in his individual and official
capacity; JOHN OR JANE DOES 1-5, Jailers-Detention Officers with the
Davie County Sheriff's Department, in their individual and official
capacities; WESTERN SURETY COMPANY; ANDREW C. STOKES,
Sheriff of Davie County, in his individual and official capacity,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

_____

SUPPLEMENTAL RESPONSE BRIEF OF APPELLEES

_____

James R. Morgan, Jr.
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
(336) 721-3600

*Counsel for Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.......................................................................... iii

BRIEF INTRODUCTION AND STATEMENT OF THE CASE ............................1

I.      THE LAW IN THIS CIRCUIT IS THAT CASES INVOLVING PRETRIAL DETAINEES AND ALLEGED INADEQUATE MEDICAL TREATMENT ARE ANALYZED UNDER THE EIGHTH AMENDMENT "DELIBERATE INDIFFERENCE" STANDARD WHICH CONTAINS OBJECTIVE AND SUBJECTIVE COMPONENTS. KINGSLEY HAS NO APPLICATION HERE .................4

      A.     Under Clear Fourth Circuit Precedent, Claims for Denial of Medical Care Asserted by Pretrial Detainees Are Governed by the Eighth Amendment "Deliberate Indifference" Standard.................4

      B.     This Fourth Circuit Panel Should Not Consider the Issue of Whether the Purely Objective Test of Kingsley Applies Because this Panel Cannot Overrule the Decisions of the Multiple Prior Panels....................................................................................8

      C.     Furthermore, Under the Principle of Party Presentation, this Court Should Not Consider the Issue of Whether the Purely Objective Test Announced in the Kingsley Decision Has Application to This Case ......................................................9

      D.     In the Event that the Fourth Circuit Decides to Consider the Question of Whether the Purely Objective Test Articulated in Kingsley Applies to this Case, the Correct Answer is that Kingsley Has No Application to This Case........................................11

II.     THE ISSUE REGARDING REMAND ........................................................16

III.    THE FOURTH CIRCUIT'S RECENT DECISION IN STEVENS V. HOLLER DOES NOT ALTER THE FACT THAT THE DISTRICT COURT CORRECTLY GRANTED THE APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS ................................................18

i

CONCLUSION ......................................................................................22

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

## CASES

Alderson v. Concordia Parish Correctional Facility,
   848 F.3d 415 (5th Cir. 2017).............................................................16

Altman v. High Point,
   330 F.3d 194 (4th Cir. 2003)............................................................21

Belcher v. Oliver,
   898 F.2d 32 (4th Cir. 1990).............................................................5, 6

Brown v. Harris,
   240 F.3d 383 (4th Cir. 2001)............................................................5, 6

Carrera v. E.M.D. Sales Inc.,
   75 F.4th 345 (4th Cir. 2023)...............................................................9

Dang ex. rel. Dang. v. Sheriff, Seminole County,
   871 F.3d 1272 (11th Cir. 2017)................................................... 15-16

Desmond v. PNGI Charles Town Gaming, L.L.C.,
   564 F.3d 688 (4th Cir. 2009).............................................................9

Doe v. Broderick,
   225 F.3d 440 (4th Cir. 2000).............................................................17

Estelle v. Gamble,
   429 U.S. 97, 97 S. Ct. 285 (1976) ....................................................6

Greenlaw v. United States,
   554 U.S. 237 (2008).......................................................................10

Hicks v. Ferreyra,
   965 F.3d 302 (4th Cir. 2020).............................................................9

Hill v. Nicodemus,
   979 F.2d 987 (4th Cir. 1992)..........................................................6, 10

Kingsley v. Hendrickson,
        576 U.S. 389 (2015)................................................................................passim

Mays v. Sprinkle,
        992 F.3d 295 (4th Cir. 2021).................................................................7, 8

Mentavlos v. Anderson,
        249 F.3d 301 (4th Cir. 2001), cert. den. 534 U.S. 952 (2001)..................... 8-9

Moss v. Harwood,
        19 F.4th 614 (4th Cir. 2021)..............................................................7

Mullenix v. Luna,
        577 U.S. 7 (2015)...........................................................................17

N.O. by Orwig v. Alembik,
        694 F. App'x 895 (4th Cir. 2017)....................................................21

Patten v. Nichols,
        274 F.3d 829 (4th Cir. 2001)............................................................6

Robinson v. Equifax Info. Servs, LLC,
        560 F.3d 235 (4th Cir. 2009)....................................................... 9-10

Shakka v. Smith,
        71 F.3d 162 (4th Cir. 1995)........................................................17, 19

Stevens v. Holler,
        68 F.4th 921 (4th Cir. 2023)................................................passim

Strain v. Regalado,
        977 F.3d 984 (10th Cir. 2020).......................................11, 15, 16

The Scotts Co. v. United Industries Corp.,
        315 F.3d 264 (4th Cir. 2002)............................................................9

United States v. Oliver,
        878 F.3d 120 (4th Cir. 2017).........................................................10

United States v. Sineneng-Smith,
    140 S. Ct. 1575 (2020)............................................................................10

Whitney v. City of St. Louis,
    887 F.3d 857 (8th Cir. 2018).............................................................15

Young v. City of Mt. Rainier,
    238 F.3d 567 (4th Cir. 2001)........................................................6, 21

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VIII ...............................................................4, 5, 7, 8

U.S. Const. amend. XIV ................................................................5, 7, 16

## STATUTE

42 U.S.C. § 1983 ....................................................................passim

## APPELLEES' SUPPLEMENTAL RESPONSE BRIEF

NOW COME the Defendant-Appellees, pursuant to an Order dated August 24, 2023, and file this supplemental brief addressing the following issues:

(1)  Whether the purely objective test announced by the United States Supreme Court in Kingsley v. Hendrickson, 576 U.S. 389 (2015), applies, and, if so,

(2)  If so, whether the proper disposition of this case is to remand for the court below to address, in the first instance, whether the objective test is met.

(3)  This Court's recent decision in Stevens v. Holler, 68 F.4th 921 (4th Cir. 2023).

## BRIEF INTRODUCTION AND STATEMENT OF THE CASE

The Plaintiff, as Administrator of the Estate of Victoria Short, brought several claims against multiple defendants, arising out of the suicide of Victoria Short, who was a pretrial detainee at the time she committed suicide. (JA 129-237).

In March and April of 2020, Plaintiff settled with and therefore dismissed all of the medical care provider defendants. (JA 13 – ECF Nos. 77-78).

On February 17, 2021, the federal district court granted the remaining defendants' Motion for Judgment on the Pleadings. (JA 1874-1902). The district court, applying the "deliberate indifference" test, which has been the standard for decades in this circuit in these types of cases, held that Plaintiff failed to state a claim against any individual defendant under 42 U.S.C. § 1983 and dismissed these claims against the remaining individual defendants with prejudice. (JA 1897). The district

1

court also held that because there was no underlying constitutional violation, the Monell claims also failed. (JA 1900). The district court elected not to exercise pendent or supplemental jurisdiction over Plaintiff's remaining state law claims. (JA 1901).

On March 10, 2021, Plaintiff filed a notice of appeal as to the district court's Order granting the Motion for Judgment on the Pleadings. (JA 1924-1926).

In the Opening Brief of Appellant Charles Willis Short, the Plaintiff-Appellant made it clear that he has abandoned all Section 1983 individual capacity claims except his Section 1983 claim for "deliberate indifference" to medical needs against one lone individual defendant, Defendant Teresa Morgan. (See Opening Brief, p. 1, n. 1, and p. 18, n. 7). The allegations in Plaintiff's Amended Complaint against Defendant Morgan are generally as follows: Defendant Morgan is a layperson, not a trained medical professional. A medical care professional, Nurse Barnes, medically evaluated Ms. Short at 12:09 a.m. on August 23, 2016, and was made aware of Ms. Short's recent suicide attempt, and Ms. Short's history of drug and alcohol abuse. (JA 146-148). After medically assessing Ms. Short, Nurse Barnes, a trained medical professional, assessed Ms. Short as not being suicidal. (JA 149). Nurse Barnes ordered Ms. Short to be placed on withdrawal protocol and authorized Short to be moved to "female isolation" because of draining sores on her body. (JA 147, 155). Thereafter, at least two other trained medical care providers

also saw Ms. Short, and likewise assessed Ms. Short as not being suicidal. (JA 156-157, 171, 182, 186-188, 190-191, 193-194). Defendant Morgan, a layperson, also interviewed Ms. Short, and she also did not believe Ms. Short to be suicidal. (JA 151-154, 222). After the medical care providers assessed Ms. Short as not being suicidal, Ms. Short did nothing to indicate that she was suicidal. However, on August 24, 2016, Ms. Short attempted suicide by hanging herself (JA 159-160), and, as a result, she died. (JA 160-161).

Significantly, both the district court and the Plaintiff analyzed the Section 1983 claim against Defendant Morgan as a claim for "deliberate indifference" to serious medical needs, and applied the "deliberate indifference" test (which contains objective and subjective components). See JA 1890-1892, 1895-1897; Opening Brief of Appellant, pp. 20-30 and Reply Brief of Appellant, pp. 6-16. The Appellees also analyzed the Section 1983 claim against Defendant Morgan using the same "deliberate indifference" test. Brief of Appellees, pp. 9-10, 13-27.

On August 24, 2023, this Court issued an Order directing the parties to file supplemental briefing addressing the following issues:

(1)     Whether the purely objective test announced by the United States Supreme Court in Kingsley v. Hendrickson, 576 U.S. 389 (2015), applies, and, if so,

(2)     If so, whether the proper disposition of this case is to remand for the court below to address, in the first instance, whether the objective test is met.

    (3)    This Court's recent decision in <u>Stevens v. Holler</u>, 68 F.4th 921 (4th Cir. 2023).

Defendant-Appellees now submit this supplemental brief, addressing the issues listed above.

**I.    THE LAW IN THIS CIRCUIT IS THAT CASES INVOLVING PRETRIAL DETAINEES AND ALLEGED INADEQUATE MEDICAL TREATMENT ARE ANALYZED UNDER THE EIGHTH AMENDMENT "DELIBERATE INDIFFERENCE" STANDARD WHICH CONTAINS OBJECTIVE AND SUBJECTIVE COMPONENTS. <u>KINGSLEY</u> HAS NO APPLICATION HERE.**

In its August 24, 2023 Order, this Court directed the parties to address "[w]hether the purely objective test announced by the United States Supreme Court in <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015) applies" to this case. Simply put, the test articulated in <u>Kingsley</u> does not apply to this case. As explained in more detail below, the Fourth Circuit has long held that the correct standard to be applied in a case like this is the Eighth Amendment "deliberate indifference" standard which contains separate objective and subjective components. This has been the holding of multiple Fourth Circuit panels, and this panel cannot overrule the decisions of prior panels.

    **A.    Under Clear Fourth Circuit Precedent, Claims for Denial of Medical Care Asserted by Pretrial Detainees Are Governed by the Eighth Amendment "Deliberate Indifference" Standard**

As was recognized by the Plaintiff in his briefs (Opening Brief of Appellant, pp. 20-30 and Reply Brief of Appellant, pp. 6-16), the standard in the Fourth Circuit

for a case such as this is the "deliberate indifference" standard set forth in Eighth Amendment cases, which contains objective and subjective components. This is explained at some length below.

Because Ms. Short was a pretrial detainee at the relevant times, the Plaintiff's claim for inadequate medical care is properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. However, the Fourth Circuit has long applied the Eighth Amendment's "deliberate indifference" standard to claims of inadequate medical care brought under Section 1983 by pretrial detainees.

In Brown v. Harris, 240 F.3d 383 (4th Cir. 2001) the Fourth Circuit panel faced a situation where an inmate committed suicide, and the decedent's estate sued under 42 U.S.C. § 1983. The panel was uncertain as to whether the decedent was a pretrial detainee (whose claim would be governed by the Due Process Clause) or a convicted prisoner (whose claim would be governed by the Eighth Amendment). Id. at 388. The panel held that the distinction was immaterial, because the "deliberate indifference" standard applied either way. Specifically, the Fourth Circuit panel held: "In any case, we need not resolve whether Brown was a pretrial detainee or a convicted prisoner because the standard in either case is the same – that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs.'" Id., citing Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

Similarly, in Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001), the panel specifically held: "This Circuit…has concluded that denial-of-medical-care claims asserted by pre-trial detainees are governed by the deliberate indifference standard." Citing Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001); Young v. City of Mt. Rainier, 238 F.3d 567, 575 (4th Cir. 2001); and Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). See also Hill v. Nicodemus, 979 F.2d 987, 990-992 (4th Cir. 1992) (the Fourth Circuit panel held that the correct standard in a case involving alleged inadequate medical care to a pretrial detainee is the "deliberate indifference" standard set forth in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).

In 2015, the United States Supreme Court decided Kingsley, supra. Kingsley was a case involving excessive force, not inadequate medical care. As explained in more detail below, the Supreme Court in Kingsley held that "an objective standard is appropriate in the context of excessive force cases brought by pretrial detainees," 576 U.S. at 402, 135 S. Ct. at 2466; however, Kingsley did not address or change the standard for claims brought by pretrial detainees for deliberate indifference to serious medical needs. Thus, the Kingsley decision has no application to cases such as the instant case.

After the Supreme Court's Kingsley opinion, the Fourth Circuit panels have continued to follow established Fourth Circuit precedent, and apply the "deliberate

indifference" test (as originally articulated in Eighth Amendment cases) to claims involving pretrial detainees and alleged inadequate medical care.

For example, in Moss v. Harwood, 19 F.4th 614 (4th Cir. 2021), the Fourth Circuit panel noted that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners…[however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, … and neither has our court….".  Id. at 624 n. 4.  The Moss panel also noted that the plaintiff in Moss was a pretrial detainee, and that the Fourth Circuit applied "Eighth Amendment deliberate indifference precedents" to claims brought by pretrial detainees for inadequate medical care.  Id. at 624-625.

In Mays v. Sprinkle, 992 F.3d 295 (4th Cir. 2021), a case involving the death of a pretrial detainee and alleged inadequate medical care, the Fourth Circuit panel noted that "even though Mays's claim arises under the Fourteenth Amendment, we have traditionally looked to Eighth Amendment precedents in considering a Fourteenth Amendment claim of deliberate indifference to serious medical needs." Id. at 300.  Later, when addressing the plaintiff's argument that the Kingsley objective standard should apply, the Mays panel recognized that the "deliberate

indifference" standard, which included objective and subjective components, was the standard in the Fourth Circuit, stating that "[b]oth before and after Mays's death, [the Fourth Circuit] said a pretrial-detainee-medical-deliberate-indifference claim required both an objectively serious medical condition and subjective knowledge…." <u>Id</u>. at 301.

Most recently, in <u>Stevens v. Holler</u>, 68 F.4th 921 (4th Cir. 2023), the Fourth Circuit panel analyzed the pretrial detainee's Section 1983 claim for inadequate medical care using the Eighth Amendment "deliberate indifference" standard. <u>Id</u>. at 930-933.

In short, under longstanding and well established Fourth Circuit precedent, <u>Kingsley</u> has no application to this case. Instead, in a case such as this, in which a pretrial detainee asserts a claim under Section 1983 for inadequate medical care, Fourth Circuit precedent dictates that the claim must be analyzed by applying the "deliberate indifference" test (which includes objective and subjective components) as articulated in numerous Eighth Amendment and Due Process cases.

**B.    This Fourth Circuit Panel Should Not Consider the Issue of Whether the Purely Objective Test of <u>Kingsley</u> Applies Because this Panel Cannot Overrule the Decisions of the Multiple Prior Panels**

Of course, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 312 n. 4 (4th

Cir. 2001), cert. den. 534 U.S. 952 (2001).  See also, The Scotts Co. v. United Industries Corp., 315 F.3d 264, 271, n. 2 (4th Cir. 2002).  In other words, "[a] panel cannot overrule the decision of a prior panel."  Desmond v. PNGI Charles Town Gaming, L.L.C., 564 F.3d 688, 691 n. 3 (4th Cir. 2009).  See Carrera v. E.M.D. Sales Inc., 75 F.4th 345, 353 (4th Cir. 2023) (stating that revisiting a previous decision of a Fourth Circuit panel "is a choice that belongs to the en banc Court rather than this panel.").

In short, this Fourth Circuit panel should not consider the issue of whether the purely objective test of Kingsley applies, because one panel cannot overrule the decisions of the multiple prior panels.

**C.     Furthermore, Under the Principle of Party Presentation, this Court Should Not Consider the Issue of Whether the Purely Objective Test Announced in the Kingsley Decision Has Application to This Case**

In the district court below, Plaintiff-Appellant did not argue that the purely objective test articulated by the Supreme Court in Kingsley applied to his Section 1983 "deliberate indifference" claim or claims against Appellees.  (See Plaintiff's Response Brief in Opposition of Sheriff Defendants' Motion for Judgment on the Pleadings – Doc. 61 in the court below).

"It is well established that [a Fourth Circuit panel] 'do[es] not consider issues raised for the first time on appeal,' 'absent exceptional circumstances.'"  Hicks v. Ferreyra, 965 F.3d 302, 310 (4th Cir. 2020), citing Robinson v. Equifax Info. Servs,

LLC, 560 F.3d 235, 242 (4th Cir. 2009).  No such exceptional circumstances are present in this case.  The Plaintiff-Appellee, who did not argue in the court below that the Kingsley purely objective standard applies, should not be allowed to advance this issue "for the first time on appeal."  Hill v. Nicodemus, supra., at 990.

Furthermore, in Plaintiff's briefs to this Court, Plaintiff-Appellant did not argue that the Kingsley test applied to this case.  Instead, Plaintiff conceded that the "deliberate indifference" standard (containing objective and subjective components) is the correct standard to use in analyzing Plaintiff's Section 1983 claim or claims against Appellees.  (See Opening Brief of Appellant, pp. 20-30 and Reply Brief of Appellant, pp. 6-16).

Under the "party presentation principle," a court should generally rely on the parties to frame the arguments and issues for decision, and to assume the role of neutral arbiter of matters that the parties present.  See, e.g., United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020); Greenlaw v. U.S., 554 U.S. 237, 243-44 (2008).  Otherwise, a court "undermines the principle of party presentation and risks becoming a third advocate." United States v. Oliver, 878 F.3d 120, 127 (4th Cir. 2017). In the instant case, Plaintiff clearly has never argued that the purely objective standard articulated in Kingsley applies in this case.  (See Opening Brief of Appellant, pp. 20-30 and Reply Brief of Appellant, pp. 6-16).  This court should

not become a "third advocate" by considering arguments that were not framed or

argued by the Plaintiff in his Opening Brief or his Reply Brief to this Court.

> **D.    In the Event that the Fourth Circuit Decides to Consider the Question of Whether the Purely Objective Test Articulated in <u>Kingsley</u> Applies to this Case, the Correct Answer is that <u>Kingsley</u> Has No Application to This Case**

In the event that this panel (or, more appropriately, the <u>en</u> <u>banc</u> court) elects

to consider the question of whether <u>Kingsley</u> applies to this case, the correct answer

is that <u>Kingsley</u> has no application to this case, because the reasoning and holding

of <u>Kingsley</u> only applies to excessive force claims, not to claims involving

inadequate medical care.  This is explained, for example, in the Tenth Circuit's well

reasoned decision of <u>Strain v. Regalado</u>, 977 F.3d 984 (10th Cir. 2020), in which the

Court stated as follows:

> Plaintiff argues that the Supreme Court's <u>Kingsley</u> decision alters the standard for pretrial detainees' Fourteenth Amendment claims. In <u>Kingsley</u>, the Court held that a plaintiff may establish an excessive force claim under the Fourteenth Amendment based exclusively on objective evidence. <u>Kingsley</u>, 576 U.S. at 397, 135 S.Ct. 2466 (explaining that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one"). But <u>Kingsley</u> did not address the standard for deliberate indifference to serious medical needs. And the circuits are split on whether <u>Kingsley</u> eliminated the subjective component of the deliberate indifference standard by extending to Fourteenth Amendment claims outside the excessive force context.  Although we have continued to apply a two-prong test, we have not yet addressed <u>Kingsley</u> head-on. <u>See</u>, <u>e.g.</u>, <u>Clark</u>, 895 F.3d at 1269 (declining to address whether <u>Kingsley</u> displaced our precedent regarding a pretrial detainee's deliberate indifference claims). We do so today.

We decline to extend Kingsley to Fourteenth Amendment deliberate indifference claims for several reasons. First, Kingsley turned on considerations unique to excessive force claims: whether the use of force amounted to punishment, not on the status of the detainee. Next, the nature of a deliberate indifference claim infers a subjective component. Finally, principles of *stare decisis* weigh against overruling precedent to extend a Supreme Court holding to a new context or new category of claims.

First, we recognize that Kingsley involved an excessive force claim, not a deliberate indifference claim. By its own words, the Supreme Court decided that "an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment"—nothing more, nothing less. Kingsley, 576 U.S. at 402, 135 S.Ct. 2466. Although the Court did not foreclose the possibility of extending the purely objective standard to new contexts, the Court said nothing to suggest it intended to extend that standard to pretrial detainee claims generally or deliberate indifference claims specifically. Id. at 395, 135 S.Ct. 2466 (explaining that the question before the Court "concerns the defendant's state of mind with respect to whether his use of force was 'excessive' " and concluding "*with respect to that question* that the relevant standard is objective not subjective" (emphasis added)). So whether Kingsley applies to Fourteenth Amendment claims outside the excessive force context is not readily apparent from that opinion.

Even though both causes of action arise under the Fourteenth Amendment, a pretrial detainee's cause of action for excessive force serves a different purpose than that for deliberate indifference. The excessive force cause of action "protects a pretrial detainee from the use of excessive force that amounts to punishment." Id. at 397, 135 S.Ct. 2466 (quoting Graham v. Connor, 490 U.S. 386, 39 n.10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ). The deliberate indifference cause of action does not relate to punishment, but rather safeguards a pretrial detainee's access to adequate medical care. Garcia, 768 F.2d at 307. Excessive force requires an affirmative act, while deliberate indifference often stems from inaction. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). Although "punitive intent may be inferred from affirmative acts that are excessive in relationship to a legitimate government objective, the mere failure to

12

act does not raise the same inference." Id. at 1086 (Ikuta, J., dissenting) (reasoning that "the Kingsley standard is not applicable to cases where a government official fails to act" because "a person who unknowingly fails to act—even when such a failure is objectively unreasonable—is negligent at most" and "the Supreme Court has made clear that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). Because the two categories of claims protect different rights for different purposes, the claims require different state-of-mind inquiries.

Indeed, Kingsley relies on precedent specific to excessive force claims. The Court reasoned that the Due Process Clause is particularly concerned with improper punishment of pretrial detainees. Kingsley, 576 U.S. at 398, 135 S.Ct. 2466 (citing Graham, 490 U.S. at 395 n.10, 109 S.Ct. 1865 (concluding that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment")). And pretrial detainees should receive greater protection against excessive force than convicted criminals because the government lacks the same legitimate penological interest in punishing those not yet convicted of a crime. Id. at 398–99, 135 S.Ct. 2466. So a pretrial detainee may prevail on an excessive force claim "in the absence of an expressed intent to punish" if an official's actions "appear excessive in relation to [a legitimate government] purpose." Id. at 398, 135 S.Ct. 2466 (quoting Bell v. Wolfish, 441 U.S. 520, 561, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (considering only objective evidence to determine "whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word" (id. at 538, 99 S.Ct. 1861 ))). Throughout the Kingsley opinion, the Court's "focus on 'punishment' " provides the basis for removing the subjective requirement from a pretrial detainee's excessive force claims. Id. (providing excessive force examples in which purely objective evidence showed that the government's punitive actions were intentional, even if the motivation behind those actions was not to punish). But the Court has never suggested that we should remove the subjective component for claims addressing inaction. Castro, 833 F.3d at 1086 (Ikuta, J., dissenting). Thus, the force of Kingsley does not apply to the deliberate indifference context, where the claim generally involves inaction divorced from punishment.

Next, we observe that a deliberate indifference claim presupposes a subjective component. After all, deliberate means "intentional," "premeditated," or "fully considered." "Black's Law Dictionary 539 (11th ed. 2019). And as an adjective, "deliberate" modifies the noun "indifference." Chicago Manual of Style § 5.79 (16th ed. 2010) ("An adjective that modifies a noun element usually precedes it."). So a plaintiff must allege that an actor possessed the requisite intent, together with objectively indifferent conduct, to state a claim for *deliberate* indifference.

To that end, the Supreme Court previously rejected a request to adopt a "purely objective test for deliberate indifference." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. Instead, deliberate indifference requires an official to subjectively disregard a known or obvious, serious medical need. Id. at 837, 114 S.Ct. 1970 (explaining that "deliberate indifference [lies] somewhere between the poles of negligence at one end and purpose or knowledge at the other" (id. at 836, 114 S.Ct. 1970)). So an official's intent matters not only as to what the official did (or failed to do), but also why the official did it. Id. at 839, 114 S.Ct. 1970 (explaining that a deliberate indifference claim focuses "on what a defendant's mental attitude actually was").

An excessive force claim, on the other hand, does not consider an official's "state of mind with respect to the proper *interpretation* of the force." Kingsley, 576 U.S. at 396, 135 S.Ct. 2466 (emphasis in original). So the Supreme Court distinguished deliberate indifference cases—where an official's subjective intent behind objectively indifferent conduct matters—from the distinct class of cases involving excessive force, which does not require that an official subjectively intended for force to be excessive. Farmer, 511 U.S. at 835, 114 S.Ct. 1970 (explaining that the "application of the deliberate indifference standard is inappropriate in one class of prison cases: when officials stand accused of using excessive physical force" (internal quotation marks and citation omitted)). Removing the subjective component from deliberate indifference claims would thus erode the intent requirement inherent in the claim. Id.; see also Kingsley, 576 U.S. at 408, 135 S.Ct. 2466 (Scalia, J., dissenting) (warning that the Fourteenth Amendment's "Due Process Clause is not a font of tort law to be superimposed upon that state system" (internal quotation marks and citation omitted)).

14

Finally, the Supreme Court has cautioned against reaching the resolution that Plaintiff seeks. Extending Kingsley to eliminate the subjective component of the deliberate indifference standard in the Tenth Circuit would contradict the Supreme Court's rejection of a purely objective test in Farmer and our longstanding precedent. Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("We reaffirm that if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." (internal quotation marks, alterations, and citation omitted)). Although other circuits have relied on the "broad language" of Kingsley to apply a purely objective standard to Fourteenth Amendment deliberate indifference claims, see supra note 4, we choose forbearance. R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 386 n.5, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) ("It is of course contrary to all traditions of our jurisprudence to consider the law on this point conclusively resolved by broad language in cases where the issue was not presented or even envisioned.").

At no point did Kingsley pronounce its application to Fourteenth Amendment deliberate indifference claims or otherwise state that we should adopt a purely objective standard for such claims, so we cannot overrule our precedent on this issue. United States v. White, 782 F.3d 1118, 1126–27 (10th Cir. 2015) (holding that one "panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis" (citation omitted)). We therefore join our sister circuits that have declined to extend Kingsley to deliberate indifference claims and will apply our two-prong test to Plaintiff's claims.

Id. at 990-993.  The Strain decision is well reasoned, and should be followed.  See

also, e.g., Whitney v. City of St. Louis, 887 F.3d 857, 860 n. 4 (8th Cir. 2018)

("Kingsley does not control because it was an excessive force case, not a deliberate

indifference case."); Dang ex. rel. Dang. v. Sheriff, Seminole County, 871 F.3d

1272, 1279, n. 2 (11th Cir. 2017) ("Kingsley involved an excessive force claim, not a claim of inadequate medical treatment…."); Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 419 n. 4 (5th Cir. 2017) (noting that the Fifth Circuit has declined to extend Kingsley).

As noted in the Strain decision, some circuits have erroneously applied the purely objective standard of Kingsley to Fourteenth Amendment claims involving alleged inadequate medical care. However, the Strain decision, and the other cases cited above, are the better reasoned opinions. Therefore, in the event that the Fourth Circuit elects to consider the question of whether Kingsley applies to this case, the Court should rule that Kingsley has no application to this case.

## II.    THE ISSUE REGARDING REMAND

This Court's August 24, 2023 Order also directed the parties to address whether, in the event that the Fourth Circuit decides to change the law in this circuit, and to apply the Kingsley test to this case, this case should be remanded to the court below so that the district court can address, in the first instance, whether the objective test is met.

In the instant case, even under the purely objective test articulated in Kingsley, the Appellees would still be entitled to judgment on the pleadings. Among other things, under the facts alleged by Plaintiff, it was objectively reasonable for Defendant Morgan to rely on the professional judgment of the several medical

16

professionals who all assessed Ms. Short as not being suicidal.  See Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (jail officials "are entitled to rely on [the] professional judgment of trained medical personnel…."). Moreover, under a purely objective standard, Defendant Morgan would be entitled to qualified immunity because, at a minimum, the Shakka decision shows that pre-existing case law at the time did not put Defendant Morgan on notice that relying on the judgment of medical professionals was unconstitutional in the specific circumstances of this case.  See, e.g., Mullenix v. Luna, 577 U.S. 7, 12 (2015) (per curiam) (in order for an individual defendant to lose the protection of qualified immunity, existing precedent at the time of the occurrence must show that it was "beyond debate" that the individual's specific actions violated the Constitution); Doe v. Broderick, 225 F.3d 440, 453 (4th Cir. 2000) (The "safe harbor" of qualified immunity "ensures that officers will not be liable for 'bad guesses in gray areas' but only for 'transgressing bright lines.'"). It cannot seriously be argued that Defendant Morgan's reliance on the professional judgment of trained medical professionals crossed a "bright line;" accordingly, Morgan is clearly entitled to qualified immunity under both the current "deliberate indifference" standard as well as a purely objective standard such as the one articulated in Kingsley.

However, if this panel (or the en banc court) were to change the law, then it would be appropriate to remand the case to the court below so that the parties would

have the opportunity to file briefs regarding the new standard, and the district court would have the opportunity, in the first instance, to apply the new standard.

**III.   THE FOURTH CIRCUIT'S RECENT DECISION IN <u>STEVENS V. HOLLER</u> DOES NOT ALTER THE FACT THAT THE DISTRICT COURT CORRECTLY GRANTED THE APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS**

The Court's August 24, 2023 Order also directed the parties to consider the Fourth Circuit's recent decision in <u>Stevens v. Holler</u>, 68 F.4th 921 (4th Cir. 2023). As shown in Section I(A), above, the <u>Stevens v. Holler</u> decision is one of many Fourth Circuit panel decisions demonstrating that this case should be analyzed using the "deliberate indifference" standard that includes both objective and subjective components.  <u>Id</u>. at 930-933.  However, aside from that, <u>Stevens v. Holler</u> is inapposite.  The facts in <u>Stevens v. Holler</u> are not even remotely similar to the instant case; therefore, the <u>Stevens v. Holler</u> case does not alter the fact that the district court correctly granted the Appellees' Motion for Judgment on the Pleadings.

In the instant case, the relevant allegations can be summarized as follows:  The lone remaining individual defendant in this case, Defendant Morgan, is a layperson, not a trained medical professional.  A medical care professional, Nurse Barnes, medically evaluated Ms. Short at 12:09 a.m. on August 23, 2016, and was made aware of Ms. Short's recent suicide attempt, and Ms. Short's history of drug and alcohol abuse.  (JA 146-148).  After medically assessing Ms. Short, Nurse Barnes, a trained medical professional, assessed Ms. Short as not being suicidal.  (JA 149).

Nurse Barnes ordered Ms. Short to be placed on withdrawal protocol and authorized Short to be moved to "female isolation" because of draining sores. (JA 147, 155). At least two other trained medical care providers also thereafter saw Ms. Short, and they too assessed Ms. Short as not being suicidal. (JA 156-157, 171, 182, 186-188, 190-191, 193-194). Defendant Morgan, a layperson, also interviewed Ms. Short, and she also did not believe Ms. Short to be suicidal. (JA 151-154, 222). After the medical care providers assessed Ms. Short as not being suicidal, Ms. Short did nothing to indicate that she was suicidal. However, on August 24, 2016, Ms. Short attempted suicide by hanging herself (JA 159-160), and, as a result, she died. (JA 160-161).

The facts in Stevens v. Holler, supra., are not remotely similar to facts in this case. Significantly, the only individual defendants in Stevens v. Holler discussed in the Fourth Circuit opinion were trained medical care professionals, not laypersons.[1] This is highly significant, because whereas non-medical laypersons such as Defendant Morgan are entitled to defer to the professional judgment of medical care professionals on issues relating to an inmate's medical care, see, e.g., Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (jail officials "are entitled to rely on [the] professional judgment of trained medical personnel…."), trained medical personnel

---

[1] More particularly, the individual "Medical Defendants" discussed in Stevens v. Holler were licensed practical nurses, registered nurses, a physician, and a physician's assistant. Id. at 925.

19

such as the individual defendants in <u>Stevens v. Holler</u>, <u>supra.</u> are not included within the scope of this rule.  Furthermore, the allegations in <u>Stevens v. Holler</u> show that after the decedent entered the jail, he exhibited a "persistent, documented decline in health and care" before he died of hypertensive heart failure.  <u>Id</u>. at 925-929 and 932-933.  However, in the instant case, there is <u>no</u> allegation that after Ms. Short was assessed by medical care providers as not being suicidal, she "declined" in health in any way or otherwise gave any indication that she was contemplating suicide.  Furthermore, unlike the instant case, the Complaint in <u>Stevens v. Holler</u> contained pleaded facts showing that the individual defendants <u>knew</u> that the decedent's "persistent, documented decline in health" meant that he was "fatally ill" and was going to die.  <u>Id</u>. at 929, 932-933.  However, there is no allegation that Defendant Morgan had knowledge that Ms. Short was going to commit suicide.  In fact, the allegations in Plaintiff's Amended Complaint and exhibits thereto indicate that Defendant Morgan, a layperson, <u>did</u> <u>not</u> think or believe that Ms. Short was suicidal.  (JA 151-154, 222).

The Plaintiff may argue that <u>Stevens v. Holler</u> is relevant because, in <u>Stevens v. Holler</u>, "Appellant alleged at least three protocol violations [by the medical professionals] which demonstrate [that] the Individual Medical Defendants 'knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care.'"  <u>Id</u>. at

932, citing <u>Young</u>, 238 F.3d at 575-76.  However, such an argument by Plaintiff would be without merit here, as shown below.  First, whereas a "medical protocol" directed to a medical care professional might be considered an attempt to put a medical standard of care in writing, <u>see</u> <u>N.O. by Orwig v. Alembik</u>, 694 F. App'x 895, 898 (4th Cir. 2017), it is well established that local policies or rules (such as detention center guidelines or policies) directed to officers do not affect or establish constitutional standards.  As a result, an alleged violation of such a local guideline, policy, or rule by an officer does not violate the Constitution or give rise to a Section 1983 claim.  <u>See</u>, <u>e.g.</u>, <u>Altman v. High Point</u>, 330 F.3d 194, 208 (4th Cir. 2003) ("To conclude…from the mere occurrence of a state law violation, much less a violation of city ordinance or police regulation, that a federal constitutional violation must also have transpired, is to engage in non sequitur.").  Nothing in <u>Stevens v. Holler</u> changes this longstanding rule.  Furthermore, as shown in Brief of Appellees at pages 23-26, Defendant Morgan's failure to override the medical professionals' medical assessment that Ms. Short was not suicidal did not violate Davie County Detention Center Policy 4.10 dealing with "suicidal inmates."

In short, the <u>Stevens v. Holler</u> opinion involves individual capacity claims against medical professionals, not against laypersons like Defendant Morgan.  Furthermore, the <u>Stevens v. Holler</u> case involves facts that are not even remotely

similar to the instant case.  Therefore, <u>Stevens v. Holler</u> does not change the fact that the district court correctly granted Appellees' Motion for Judgment on the Pleadings.

## <u>CONCLUSION</u>

Based on the foregoing arguments and authorities, it is respectfully submitted that this Court should:

1.    Follow Fourth Circuit precedent, and rule that the purely objective test for Due Process excessive force claims articulated by the Supreme Court in <u>Kingsley</u> has no application to this case.

2.    In the event that the Fourth Circuit changes the law in this Circuit, and applies the purely objective test articulated in <u>Kingsley</u> to the "deliberate indifference" claim or claims in this case, the Court should remand the case for the court below to address, in the first instance, whether Appellees' motion for judgment on the pleadings should be granted.

3.    Conclude that the Fourth Circuit's recent decision in <u>Stevens v. Holler</u>, 68 F.4th 921 (4th Cir. 2023) is relevant to show that the <u>Kingsley</u> objective standard does not apply, but is otherwise inapposite and irrelevant to the instant case.

Respectfully submitted this 7th day of September, 2023.

/s/ James R. Morgan, Jr.
James R. Morgan, Jr.
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
jim.morgan@wbd-us.com

*Counsel for Defendants-Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*5,836*] words.

[     ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>September 7, 2023</u>          <u>/s/ James R. Morgan, Jr.</u>
                                                          *Counsel for Appellees*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 7th day of September, 2023, I caused this Supplemental Response Brief of Appellees to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel as registered CM/ECF users.

/s/ James R. Morgan, Jr.
*Counsel for Appellees*